# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60363-GAYLES

**BEN FU LI a/k/a BENFU LI**
**a/k/a BOSS BENFU LI,**

        **Plaintiff,**

v.

**JACKIE TAN,**

        **Defendant**  /

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Complaint [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

**I.    BACKGROUND**

According to the allegations in the Complaint, on September 25, 2015, Defendant Jackie Tan ("Defendant") borrowed $100,000 from Plaintiff Ben Fu Li ("Plaintiff") and promised to pay the money back by October 25, 2015. The agreement is evidenced by an "IOU" attached to the Complaint as Exhibit A.[1] On February 17, 2017, Plaintiff filed this action alleging claims for "promissory note" (count one) and "money lent" (count two) based on Defendant's alleged default on the agreement.

On March 20, 2017, Defendant moved to dismiss arguing that Plaintiff failed to satisfy all conditions precedent for the enforcement of a promissory note. In particular, Defendant argues

---

[1] The IOU is written in Chinese. The Complaint also attaches a certified English translation of the agreement.

that Plaintiff failed to allege that he complied with Florida Statute § 201.08, which requires that every lender seeking to enforce a promissory note pay the applicable documentary taxes before the instrument is enforceable in court.[2]

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id.* (alteration added)(quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added)(citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## III. DISCUSSION

Florida Statute § 201.08 provides that a mortgage, deed or other instrument is not enforceable unless the lender has paid the required documentary stamp taxes. Fla. Stat. §

---

[2] Defendant also argues that Plaintiff failed to post a non-resident bond pursuant to Florida Statute § 57.011. Section 57.011, however, was repealed on July 1, 2016.

201.08(1)(b). Many courts have interpreted this statute to require a lender to pay documentary taxes as a condition precedent to enforcing a promissory note. *See Suntrust Bank v. Hamway*, No. 09-61323, 2010 WL 146858, *4 (S.D. Fla. Jan. 11, 2010) ("[S]ection 201.08(1) constitutes an injunction prohibiting courts from enforcing rights created by instruments upon which required taxes have not been paid."); *Atlantic Tech Systems, LLC v. Advanced Lifts & Elevators, Inc.*, No. 08-81376, 2009 WL 1211003, * 2 (S.D. Fla. May 4, 2009) ("To be sure, to prevail on a claim for breach of promissory note, Plaintiff will be required to demonstrate, prior to final judgment, that the documentary taxes have been paid."); *Nikoole v. JPMorgan Chase Bank, N.A.*, 183 So.3d 424, 430-31 (Fla. 3d DCA 2014) (failure to pay documentary tax rendered mortgage lien unenforceable); *Somma v. Metra Electronics Corp.,* 727 So.2d 302, 303 (Fla. 5th DCA 1999) ("[P]romissory notes for which documentary taxes have not been paid are, as a matter of law, unenforceable by any Florida court.").

Plaintiff asks the Court to rely on *Glenn Wright Homes v. Lowy,* 18 So. 3d 693, 696 (Fla. 4th DCA 2009) which held that § 201.08(1) does not prohibit the enforcement of a promissory note for nonpayment of the documentary tax. However, in *Glenn Wright*, Florida's Fourth District Court of Appeal disagreed with the Florida's Third and Fifth District Courts of Appeal and with several decisions in this district. *See* cases cited supra. This Court adopts the majority rule that a promissory note is not enforceable unless documentary taxes have been paid.

In his Complaint, Plaintiff failed to allege that he paid the requisite documentary taxes on the promissory note. Although the promissory note is unenforceable absent proof that Plaintiff complied with § 201.08(1)(b), courts generally do not dismiss an action for failure to pay documentary taxes at the motion to dismiss stage if the Plaintiff alleges, even if only generally, that all conditions precedent have been met. *See Suntrust*, 2010 WL 146858, at *4; *Atlantic Tech*,

3

2009 WL 1211003 at * 2. This is because "payment of the documentary taxes is a factual question best not decided on a motion to dismiss." *Atlantic Tech*, 2009 WL 1211003 at *2. However, in this case, Plaintiff failed to allege that he satisfied *any* conditions precedent. As a result, the Motion must be granted for failure to state a claim.[3]

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF No. 10] is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff shall amend his Complaint within twenty (20) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of June, 2017.

_____<br>
DARRIN P. GAYLES<br>
UNITED STATES DISTRICT JUDGE

---

[3] It appears from some of the language in Plaintiff's pleadings that he has yet to pay the documentary taxes on the promissory note. If true, this is not necessarily fatal to Plaintiff's action. *See Nikooie*, 183 So.3d at 431 (noting that, on remand, the plaintiff would "have an opportunity to pay the unpaid taxes and eliminate the unenforceability question raised by the dissent."); *Somma*, 727 So.2d at 305 (finding that court could, upon a proper motion, "abate the action for a time sufficient to enable the plaintiff to purchase documentary stamps and affix them to the note."). The Court will address the propriety of abatement, if raised, after Plaintiff files an Amended Complaint